IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ACORN CAPITAL GROUP, LLC,

    Plaintiff,

v.

WEDBUSH MORGAN SECURITIES, et al.,

    Defendants.

No. C 06-01674 JSW

**ORDER RE DISCOVERY DISPUTE**

    The Court has received the parties' joint letter brief outlining their discovery dispute regarding Wedbush Morgan Securities ("Wedbush")'s First Request for Production of Documents and Things which calls for the production of "recordings of all communications between Paul Seidenwar [an Acorn employee] and Max Safdie [a Wedbush employee and a Defendant herein]." Acorn objected to Wedbush's request on the grounds that it "should not be required to disclose the existence or contents of any such recordings until Max Safdie has been deposed." Having reviewed the parties' positions, the Court has determined that a hearing on this dispute is unnecessary.

    The Court is persuaded that delaying discovery of the existence or contents of any recordings is necessary to "prevent the defendant or its witnesses from tailoring their testimony to conform with their prior recorded statements." *See Poppo v. Aon Risk Services, Inc.*, 2000 WL 1800746, at *1 (S.D.N.Y. December 6, 2000); *see also Torres-Paulett v. Tradition Mariner, Inc.*, 157 F.R.D. 487, 488-89 (S.D. Cal. 1994) (holding that if defendant were required to produce plaintiff's recorded statement prior to plaintiff's deposition, defendant would be

1  deprived of plaintiff's unrefreshed recollection of the events that gave rise to the cause of
2  action).

3        The Court further finds that Wedbush's concerns about receiving the information prior
4  to the deposition can be accommodated by permitting Wedbush to re-examine Mr. Safdie after
5  the conclusion of the initial pre-disclosure deposition. *See Sherrell Perfumes, Inc. v. Revlon,*
6  *Inc.*, 77 F.R.D. 705, 707 (S.D.N.Y. 1977) (fairness concerns remedied by permitting defendants
7  the right to depose plaintiff again after defendants obtained access to the tapes); *see also*
8  *Atlantic Sounding Co v. Sullivan*, 2004 WL 1737933, at * 1 (E.D. La. July 30, 2004) (court
9  permitted resumption of deposition after reasonable break to allow counsel to review the
10 previously-undisclosed statement and pursue further examination of witness).

11       Therefore, the Court sustains Plaintiff's objection and orders that the disputed
12 production be made only after an initial deposition of Mr. Safdie.  In the interest of fairness, the
13 Court finds that Mr. Safdie must be made available on another day for a second full deposition
14 after the disclosure of the requested information.

**IT IS SO ORDERED.**

Dated: September 5, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California